UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

| | |
|---|---|
| **Heidi Marie Peterson,** | **CV-08-5007 RHK/SRN** |
|     **Plaintiff,** | |
| v. | |
| | **REPORT AND RECOMMENDATION** |
| **Westonka Bus Service;** | |
| **Prairie Bus Service of Westonka, Inc.;** | |
| **4.0 School Services, 4.0 Services;** | |
| **Prairie Bus Service; 4.0 School Services** | |
| **of Norwood Young America, Inc.;** | |
| **4.0 School Services of Ivanhoe, Inc.;** | |
| **and Michael Hennek,** | |
|     **Defendants.** | |

_____

    Heidi Marie Peterson, pro se, 101 Elm Street, Lester Prairie, MN 55354.

    Kenneth R. White, Esq., MacKenzie & Gustafson Ltd., 326 South Minnesota Avenue, St. Peter, MN 56082, for Defendants.
_____

SUSAN RICHARD NELSON, United States Magistrate Judge

    The above-captioned case comes before the undersigned United States Magistrate Judge on Defendants 4.0 School Services, 4.0 School Services of Ivanhoe, Inc., 4.0 School Services of Norwood Young America, Inc., 4.0 Services, and Michael Hennek's Motion to Dismiss [Doc. No. 41] and Defendants Prairie Bus Service, Prairie Bus Service of Westonka, Inc., and Westonka Bus Service's Motion to Dismiss [Doc. Nos. 42]. This matter was referred to the undersigned by an Order of Reference entered by the District Court on September 21, 2009, pursuant to 28 U.S.C. § 636(b)(1)(B) and District of Minnesota Local Rule 72.1(b). For the reasons set forth below, the Court recommends that the motions to dismiss be granted.

## I.  BACKGROUND

Plaintiff initiated this lawsuit on August 22, 2008, alleging that Defendants failed to pay her overtime as required by the Fair Labor Standards Act (FLSA), discriminated and retaliated against her based on her disability under the Americans with Disabilities Act (ADA) and Minnesota Human Rights Act (MHRA), and interfered with her rights under the Family and Medical Leave Act (FMLA) [Doc. No. 1].  Defendants 4.0 School Services, 4.0 School Services of Ivanhoe, Inc., 4.0 School Services of Norwood Young America, Inc., 4.0 Services, and Michael Hennek answered the Complaint on September 9, 2008 [Doc. No. 2].  The remaining defendants, Prairie Bus Service, Prairie Bus Service of Westonka, Inc., and Westonka Bus Service, also answered on September 9, 2008 [Doc. No. 3].

On November 14, 2008, Defendants served discovery requests on Plaintiff.  On March 30, 2009, Plaintiff's then-attorney, Brian Cote, moved to withdraw from the case [Doc. No. 17] and a hearing on that motion was held on April 27, 2009.  Mr. Cote sought to withdraw from the case because of Plaintiff's repeated failure to contact him and to participate in the case.  Mr. Cote had no communication with Ms. Peterson between January 20, 2009 and April 22, 2009, the date of his affidavit in support of his motion to withdraw.  This Court granted Mr. Cote's motion to withdraw as Plaintiff's attorney on April 27, 2009 [Doc. No. 23 and 24].

After Mr. Cote withdrew, Defendants' counsel sent a letter to Plaintiff seeking responses to the outstanding discovery.  Plaintiff did not respond and therefore, on June 18, 2009, Defendants filed a Motion to Compel seeking responses to the November 2008 discovery [Doc. No. 27].  On July 24, 2009, the Court held a hearing on Defendants' motion to compel [Doc. No. 39], but Plaintiff did not appear for the hearing.  That same day, the Court ordered Plaintiff to respond to the outstanding discovery within fifteen days and stated "[i]n the event that the

Plaintiff fails to comply with this Order, the Court will consider additional sanctions, including dismissal of this litigation." [Doc. No. 40].

On August 25, 2009, Defendants moved to dismiss this case because Plaintiff failed to comply with this Court's July 24, 2009 Order and never responded to discovery [Doc. Nos. 41 and 42]. Plaintiff did not respond to this motion, nor did she appear at the hearing on this matter on October 21, 2009.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

Id. While the language of Fed. R. Civ. P. 41(b) is broad, the Eighth Circuit has recognized that "dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 2000) (citing Hutchins v. A.G. Edwards & Sons, Inc., 116 F.3d 1256, 1260 (8th Cir. 1997)). A court does not need to find that the litigant acted in bad faith in order to dismiss the case with prejudice, rather, the test is whether the litigant "acted intentionally as opposed to accidentally or involuntarily." Id. (quoting Rodgers v. Univ. of Missouri, 135 F.3d 1216, 1219 (8th Cir. 1998)).

When determining whether to dismiss a case with prejudice, the court should consider less severe alternatives to dismissal. Hunt, 203 F.3d at 527; Smith v. Gold Dust Casino, 526 F.3d 402, 406 (8th Cir. 2008). "A district court should weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and consider

whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party." Id. (citing Hutchins, 116 F.3d at 1260).

In the instant case, Plaintiff's discovery responses have been due for more than nine months. In July, this Court ordered Plaintiff to respond to the discovery and yet Plaintiff has not complied with that Order. Federal Rule of Civil Procedure 37(b)(2)(C) specifically includes the possibility of dismissal as a sanction for failure to comply with a discovery order. On multiple occasions, Plaintiff has been admonished that her failure to participate in this case could lead to the dismissal of her claims. Before he withdrew, Plaintiff's original counsel informed Plaintiff that her repeated failures to complete discovery could result in a motion to dismiss by Defendants. The Court likewise warned Plaintiff in its July 2009 Order that it would consider the sanction of dismissal if Plaintiff failed to abide by the Court's Order compelling discovery. Plaintiff has not contacted the Court or opposing counsel seeking to explain her failure to prosecute this case or asking for additional time to secure a new lawyer or respond to discovery. Further, the Court concludes that Defendants would be severely prejudiced if they were required to defend this case without the benefit of any discovery. In re O'Brien, 351 F.3d 832, 839 (8th Cir. 2003) (noting party prejudiced if other party's failure to comply with discovery requests impairs opponent's ability to determine factual merits of claim). Because Plaintiff has failed to participate in discovery and has willfully failed to obey this Court's July 24, 2009 Order, this Court recommends that the case be dismissed with prejudice.

### III. **RECOMMENDATION**

Therefore, based upon the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Defendants 4.0 School Services, 4.0 School Services of Ivanhoe, Inc., 4.0 School Services of Norwood Young America, Inc., 4.0 Services, and Michael Hennek's Motion to Dismiss [Doc. No. 41] be **GRANTED**;

2. Defendants Prairie Bus Service, Prairie Bus Service of Westonka, Inc., and Westonka Bus Service's Motion to Dismiss [Doc. Nos. 42] be **GRANTED**; and

3. This case be **DISMISSED with prejudice**.

DATED: October 28, 2009
                                              s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by **November 16, 2009**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.